UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ARUANNO,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**C/O MAURICE MARCYVES, et al.,**<br><br>　　　　**Defendants.** | Civ. No. 14-4796 (WJM)<br><br>**OPINION** |

　　　　Plaintiff Joseph Aruanno filed this civil rights action against several corrections officers ("Defendants"). This matter is now before the Court on Plaintiff's appeal of Magistrate Judge Falk's August 24, 2016 Order denying reconsideration of Plaintiff's motion for appointment of *pro bono* counsel. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's appeal is **DENIED**, and Judge Falk's August 24, 2016 Order is **AFFIRMED**.

　　**I.　BACKGROUND**

　　　　In July 2014, Plaintiff filed this *pro se* civil rights action, alleging, *inter alia*, that Defendants assaulted him. ECF doc. 1. Plaintiff subsequently moved for appointment of *pro bono* counsel. ECF doc. 18. In March 2016, Magistrate Judge Falk denied Plaintiff's motion because he failed to satisfy the factors set forth in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). ECF doc. 19. Plaintiff moved for reconsideration of this Order, arguing that Judge Falk erred in applying the relevant legal standards. ECF doc. 23. In August 2016, Judge Falk denied Plaintiff's motion for reconsideration of this order, stating that the previous order was carefully decided using the *Tabron* factors. ECF doc. 20.

　　　　Plaintiff now appeals Judge Falk's August 2016 Order denying reconsideration. ECF doc. 21. Plaintiff argues that Judge Falk erred in denying reconsideration because Judge Falk: (1) failed to "apply the correct standard"; and (2) failed to consider the "new evidence" warranting reconsideration: a 2009 mandate from the Third Circuit appointing Plaintiff *pro bono* counsel for the purpose of filing his habeas corpus petition. *See Aruanno v. Goodwin*, et al. No. 07-cv-5205, ECF doc. 20 (7/15/2009 Order).

　　**II.　LEGAL STANDARD**

　　　　A district court may reverse a magistrate judge's order if it finds the ruling to be

1

clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (internal citations omitted).  A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

### III.   DISCUSSION

Plaintiff's claims on appeal are unavailing.

First, Judge Falk applied the correct legal standards in denying both the appointment of counsel motion and the reconsideration motion.  In his March 2016 decision, Judge Falk explicitly weighed the *Tabron* factors, and determined that Plaintiff was capable of presenting his own case.  In August 2016, Judge Falk correctly considered Local Rule 7.1 in denying reconsideration of the March 2016 order, explaining that Plaintiff had failed to meet that Rule's high burden.

Second, Judge Falk did not err in failing to take into account, upon reconsideration, that Plaintiff had been appointed counsel in the past.  This fact was not "new evidence" under Local Rule 7.1 – Plaintiff already made this point in his initial motion for appointment of counsel and, in any case, a 2009 order cannot be deemed "new evidence" for purposes of reconsideration.  Furthermore, the Court notes that Plaintiff is no stranger to the court system: he has proceeded *in forma pauperis* in more than 40 cases before this Court, and in more than 45 cases before the Third Circuit Court of Appeals.  The fact that Plaintiff has been appointed *pro bono* counsel to assist with his habeas corpus petition is not dispositive.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's appeal is **DENIED**, and Judge Falk's August 24, 2016 Order is **AFFIRMED**.  An appropriate Order follows.


　　　　　　　　　　　　　　　　　　　　/s/ William J. Martini
　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 13, 2016**