# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>    Plaintiff,<br><br>v.<br><br>C/O MARCYVES MAURICE, *et al.*,<br><br>    Defendants.[1] | Civ. No. 2:14-4796 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff brings this 42 U.S.C. § 1983 federal civil rights action *pro se* against Corrections Officer Marcyves Maurice ("Maurice") and twenty unnamed individuals alleging the use of excessive force at the Special Treatment Unit ("STU") in New Jersey. Maurice now moves for summary judgment under Federal Rule of Civil Procedure 56. There was no oral argument. FED. R. CIV. P. 78(b). For the reasons that follow, the motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

The following facts are drawn from Plaintiff's Complaint, deposition testimony, and Maurice's Statement of Undisputed Material Facts and supporting exhibits.[2]

Civilly committed at the STU, Plaintiff alleges Maurice, in two instances, pushed, shoved, and punched him. Marshall-Otto Cert., Ex. A, Plaintiff's Dep. 7:2–7, 7:13–20, June 27, 2017 ("Pl.'s Dep."), ECF No. 50; Compl., ECF No. 1. In the first encounter, Plaintiff wished to air a grievance about another resident to the sergeant immediately, but Maurice told Plaintiff to hold off because the "sergeant will be in later." Pl.'s Dep. 8:23–9:16. Instead of waiting, Plaintiff sought to dial 9-1-1 to notify local police, but Maurice prevented the call when he came over and hung up the phone. *Id.* 10:2–7. After using the phone again to dial the police, Plaintiff claims a "push and shove match" ensued. *Id.*

---

[1] The Clerk of Court is directed to amend the caption as above.
[2] As required under this District's Local Civil Rule 56.1(a), Plaintiff filed no opposition papers nor a responsive statement of material facts. Yet, the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (citations omitted). But such leeway has limits because this District's Local Civil Rules applies to all types of litigants. *See, e.g.*, *Glazewski v. Corzine*, 2009 WL 5220168, No. 06-4107, at *1 (D.N.J. Dec. 31, 2009).

10:9–19. About a minute later when Plaintiff returned to his cell, Maurice showed up, made threats, and the two started throwing punches. *Id.* 11:7–14, 15:13–16. The fight ended with both men clutching each other and Maurice threatening Plaintiff. *Id.* 11:21–12:3. Apart from these events in August 2012, a review of Plaintiff's electronic medical records between May and November 2012 contains no evidence of Plaintiff complaining about nor seeking treatment for the alleged altercations. *Id.*, Ex. 1.

Maurice now moves for summary judgment, arguing Plaintiff serially abuses the *in forma pauperis* system in filing this action[3] and, in any event, the excessive force claim fails because the record shows no evidence that Maurice used any force, let alone excessive force. Br. Def.'s Mot. Summ. J. 5–6, ECF No. 49-1. Also, Maurice argues that even if the Court finds a genuine dispute of material fact as to whether the use of force occurred, he is entitled to qualified immunity. *Id.* at 9.

Plaintiff responds, filing a brief petition for summary judgment and objections to Maurice's motion. But Plaintiff provides no statement of material facts nor any factual documentation to support his claims whatsoever, ignoring Local Civil Rule 56.1(a)'s requirements to file a responsive statement of material facts. Instead, Plaintiff lobs objections regarding discovery, accuses opposing counsel of unethical conduct, and argues to disqualify the New Jersey Attorney General's office from representing Maurice, a state employee. *See* Pl.'s Pet. Summ. J. 3, ECF No. 55. In reply, Maurice contends Plaintiff's petition for summary judgment fails to provide a legal or factual basis to allow the Court to consider granting summary judgment in Plaintiff's favor or to which Maurice could respond. Def.'s Letter Reply 1–2, ECF No. 56.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In its review, the Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III. DISCUSSION

In filing a Section 1983 civil rights action, a plaintiff "must show that the defendant, under the color of state law, deprived [him] of a federal constitutional or statutory right." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted). As to excessive

---

[3] "Aruanno has managed to make numerous filings in the District Court and [the Third Circuit Court of Appeals]. He is a frequent litigator, having filed around 50 appeals in this [Court of Appeals]." *Aruanno v. Corzine*, 687 F. App'x 226, 231 n.8 (3d Cir. 2017) (per curiam). Since 1999, Aruanno is listed as a party in over 40 civil actions in this District.

force claims, a plaintiff must identify how a prison official's treatment caused "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). The issue is "whether force was applied in a good faith effort to maintain order or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320–21 (citations omitted). Also, the plaintiff must show more than *de minimus* force was used to an extent it would be "'repugnant to the conscience of mankind.'" *Whitley*, 475 U.S. at 327 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).[4]

In reviewing the record, the Court finds no reasonably jury could find in Plaintiff's favor. Apart from Plaintiff's pleading and deposition testimony given, the record is devoid of even a scintilla of evidence to establish that any assault, fistfight, or back-and-forth push and shove match occurred. Further, as to the injuries Plaintiff suffered, there lacks a single notation in the medical records to document any such treatment given. Pl.'s Dep. 12:17–13:17. And absent from the record is any documented grievance or filing of a complaint with prison officials. *See id.* 13:14–15:1; Decl. of Maj. William Gamba, ¶¶ 4–7, ECF No. 49-5.

Even taking Plaintiff's deposition testimony as the given facts here, there still lacks a genuine dispute as to whether Maurice exerted any force against Plaintiff. Yet if, as Plaintiff claims, both were grasping each other, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted); Pl.'s Dep. 11:21–25. At most, Plaintiff's version of events shows Maurice may have acted rude and inappropriately, but nothing of the constitutional import. Finally, the Court need not opine on Plaintiff's desire to disqualify the New Jersey Attorney General's office and opposing counsel beyond mentioning there lacks a basis in fact to show a conflict of interest in representing Maurice.

### IV. CONCLUSION

For the foregoing reasons, Maurice's summary judgment motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                         */s/ William J. Martini*
                                    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 5, 2018**

---

[4] As a civilly committed person, Plaintiff's excessive force claim arises under the Due Process Clause of the Fourteenth Amendment. Even so, Eighth Amendment standards apply to the claim. *Rivera v. Marcoantonio*, 153 F. App'x 857, 859 n.1 (3d Cir. 2005) (citing *Youngberg v. Romeo*, 457 U.S. 307, 315–16 (1982) and *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).