# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>Plaintiff,<br><br>v.<br><br>MARCYVES MAURICE, C/O, JOHN/JANE DOES 1-20, et al.,<br><br>Defendants. | Civ. No. 2:14-4796 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Joseph Aruanno ("Plaintiff") brings this 42 U.S.C. § 1983 federal civil rights action *pro se* against Corrections Officer Marcyves Maurice ("Maurice") and twenty unnamed individuals alleging the use of excessive force at the Special Treatment Unit ("STU") in New Jersey. Plaintiff now moves for summary judgment. The Court has carefully reviewed both parties' submissions and decides the motions without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion for summary judgment, ECF No. 76, is **DENIED**.

### I.   BACKGROUND

Plaintiff alleges that Maurice, a correctional officer at STU, pushed him and later came into his cell and assaulted him. A more detailed recitation of the facts is set forth in the Court's February 5, 2018 Opinion, ECF No. 58, and need not be reiterated here for the purposes of this motion. In that Opinion, the Court granted Defendant's motion for summary judgment. *Id.* On appeal, the Third Circuit vacated judgment and remanded this matter for further proceedings consistent with its opinion. ECF Nos. 63, 75.

Accordingly, this matter was reopened, ECF No. 69, and on December 8, 2020, the Court ordered the parties to advise the Court in writing whether further discovery was warranted. ECF No. 70. In response, Defendant advised the Court that no further discovery was warranted. ECF No. 73. Plaintiff, however, responded that he continued to seek discovery and that "there has been no action" on his application for the appointment of pro bono counsel. ECF No. 71 at 2. Plaintiff wrote to the Court again in February 2021 that

1

Defendant had yet to comply with his discovery demands and again requested appointment of pro bono counsel. ECF No. 74.

Plaintiff now seeks summary judgment "in the interest of justice" on the grounds that this case is seven years old and that Defendants have failed to comply with discovery. In the alternative, Plaintiff reiterates his request for appointment of pro bono counsel.

## II.  DISCUSSION

The Federal Rules of Civil Procedure do not provide for summary judgment "in the interest of justice." To the extent that Plaintiff seeks summary judgment pursuant to Fed. R. Civ. P. Rule 56, that rule provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party must support its position by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court considers the record in the light most favorable to the non-moving party while drawing all reasonable inferences in that party's favor. *Bowers v. NCAA*, 475 F.3d 524, 535 (3d Cir. 2007).

Here, Plaintiff's motion contains no statement of undisputed facts and must be denied on this basis alone. Moreover, Plaintiff's request for appointment of pro bono counsel was denied by Judge Falk on March 16, 2016. ECF No. 19. Plaintiff's motion for reconsideration of that decision was also denied. ECF No. 20. Plaintiff appealed and this Court affirmed Judge Falk's decision to deny reconsideration. ECF Nos. 24, 25.

## III.  CONCLUSION

For the reasons noted above, Plaintiff's request for pro bono counsel is **DENIED**. Plaintiff has not met his burden to demonstrate that there exists no genuine issue of material facts such that he is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56 or even allowed "in the interests of justice." Therefore, Plaintiff's motion for summary judgment pursuant is also **DENIED**. The parties are to contact Magistrate Judge Kiel for a final pretrial conference or further discovery if needed. An appropriate Order follows.

October 12, 2021

WILLIAM J. MARTINI, U.S.D.J.